ANDERSON v. KAUFMAN.

(Supreme Court, Appellate Term.    March 10, 1910.)

LANDLORD AND TENANT (§ 233*)—ACTION FOR RENT—INSTRUCTIONS.

> Where the only issue submitted in an action for rent was whether defendant surrendered and plaintiff accepted the premises at the time defendant left, it was error to refuse to instruct at plaintiff's request that "the mere fact that the person at the desk, who as such received the keys from defendant, was in the employ of plaintiff, does not necessarily mean that she had the implied power to accept a surrender of the premises."

> [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 233.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Minnie L. Anderson against Arthur F. Kaufman.    Defendant had judgment, and plaintiff appeals.    Reversed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Randolph W. Childs, for appellant.

Harrie C. Manheim, for respondent.

PER CURIAM.    This action is brought to recover rent for the month of June, 1909, of two suites of rooms in an apartment hotel. The only question submitted to the jury for their determination was whether or not the defendant surrendered and the plaintiff accepted the apartments at the time the defendant left them.

The refusal of the court to charge, as requested by the plaintiff, "that the mere fact that the person at the desk, who as such received the keys, was in the employ of the plaintiff, does not necessarily mean that she had the implied power to accept a surrender of the premises," was error.    Several other of the rulings to which our attention has been directed were erroneous.    As the judgment must be reversed, we do not consider it necessary to discuss the other points raised.

The pleadings have now been amended so as to present the question as to whether or not there was a surrender and acceptance, and this issue can now be properly disposed of upon a new trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.